**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM DENNIS RICCI, | : | |
| Plaintiff, | : | Civil No. 06-4120 (FLW) |
| v. | : | |
| WAYNE FORREST, et al. | : | **O P I N I O N** |
| Defendants. | : | |

**APPEARANCES:**

William Dennis Ricci, Pro Se
#411731/ SBI #765408A
East Jersey State Prison
3-Wing, Lock Bag R
Rahway, NJ 07065

**WOLFSON**, District Judge

Plaintiff William Dennis Ricci, currently confined at the East Jersey State Prison, Rahway, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and are presumed true for purposes of this review.

Plaintiff seeks to sue the following defendants: Wayne Forrest, Chief Prosecutor; Timothy Van Hise, Assistant Prosecutor; Steve Ughetta, Detective Sergeant; J. Patrick Barnes, Chief Prosecutor; Joe Buchanan, Detective Sergeant; Judson Hamlin, Assistant Prosecutor, Robert A. Gaynor, Public Defender; Harold Bush, Attorney; Richard Barker, Public Defender; and Harvey Lester, Assistant Prosecutor.

Plaintiff states that on February 11, 2004, he was arrested for burglary.  He was confronted by numerous police officials from different townships and counties.  Prior to engaging in a "custodial interrogation," Plaintiff states that he made an agreement with various officials that in exchange for his cooperation, all of his criminal charges would be "merged together" into one county for disposition.  Six counties were involved.  After Plaintiff cooperated with the officers, (which, according to Plaintiff, constituted a waiver of his Fifth

Amendment right against self-incrimination), three counties refused to honor the agreement.

Plaintiff states that he wrote to the named defendants and received no response. Plaintiff claims that the defendants conspired with each other to breach the agreement.

Plaintiff asks for monetary relief and for the convictions to be dismissed.

## DISCUSSION

### A.  Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and

3

all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.  Section 1983 Actions**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State

4

>      or Territory ... subjects, or causes to be subjected,
>      any citizen of the United States or other person within
>      the jurisdiction thereof to the deprivation of any
>      rights, privileges, or immunities secured by the
>      Constitution and laws, shall be liable to the party
>      injured in an action at law, suit in equity, or other
>      proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Must Be Dismissed.**

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he

5

is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if

> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will not demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id. at 489-90.

Here, Plaintiff alleges that he is entitled to have his convictions overturned and monetary relief.  He attacks his conviction based on the breach of the agreement that he purportedly made with state actors.  A finding in his favor would necessarily imply the invalidity of his current confinement.  Thus, his claims are barred from § 1983 review until such time as his criminal charges have been vacated or overturned on appeal or in a habeas corpus proceedings.[1]

---

[1] Additionally, the Court notes that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983."  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Moreover, public defenders and pool attorneys are generally not "state actors" for purposes of § 1983.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order follows.

          S/Freda L. Wolfson
          FREDA L. WOLFSON
          United States District Judge

Dated: 9/20/06